**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Tracy Eslick, Tinika Se'Cal Warren, | Case No. 2:25-cv-02067-CDS-NJK |
| Plaintiff(s), | |
| v. | **REPORT AND RECOMMENDATION** |
| Take a Break Vacation, et al., | |
| Defendant(s). | |

District courts have the authority to dismiss cases *sua sponte* without notice when the plaintiff "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

1

Plaintiffs filed applications to proceed *in forma pauperis*. Docket Nos. 1, 1-1. Plaintiff Warren attests to having no income, no available money, no assets, and tens of thousands of dollars in debt. Docket No. 1. Plaintiff Eslick attests to having limited income (and having social security benefits that have been stopped), no available money, no assets, and $1,000 in debt. Docket No. 1-1. Hence, Plaintiffs represent at the outset that they are indigent. Although not always easy to follow,[1] the gist of this case is that Plaintiffs wanted to obtain the free gifts and food that came with a timeshare tour. *See* Docket No. 1-2 at 3. Despite attesting to indigency in this case, Plaintiffs allege that they were told "by a really nice person" to lie to the timeshare employees by saying that they make $60,000 per year as a means to qualify for the timeshare tour. *Id.* Plaintiffs allege that the plan did not work because the timeshare staff required additional information and a soft-credit check to confirm the financial information provided. *Id.* at 3-4. As such, Plaintiffs were not given the gifts and food. *See id.* at 4. In short, the complaint alleges that Plaintiffs failed in their endeavor to obtain gifts and food through fraudulent means. From this factual predicate, Plaintiffs appear to allege discrimination and seek to recover $5,000,000 in damages. *See id.* at 5.

The complaint is frivolous and delusional. Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** with prejudice.

Dated: January 23, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Although the basic outline of the allegations can be discerned from Plaintiff Eslick's portion of the complaint, the "statement" from Plaintiff Warren is largely incomprehensible. *See* Docket No. 1-2 at 6. The Court also notes that Plaintiff Warren is a frequent litigator in this courthouse with several already-dismissed cases. *See, e.g.*, *Warren v. Jenkins*, Case No. 2:25-cv-01713-JCM-EJY, Docket No. 16 (D. Nev. Nov. 19, 2025) (dismissing case as frivolous); *Warren v. Courtyard Resource Ctr.*, Case No. 2:25-cv-01640-ART-NJK, Docket No. 16 (D. Nev. Nov. 5, 2025) (dismissing case for failing to comply with order to update address); *Warren v. Lee*, Case No. 2:25-cv-01639-MMD-EJY, Docket No. 17 (D. Nev. Oct. 28, 2025) (dismissing case as frivolous). **Plaintiff Warren is CAUTIONED that continuing to engage in this conduct may result in the imposition of sanctions and/or in issuance of a vexatious litigant order imposing prefiling restrictions.**

## <u>NOTICE</u>

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).